UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00468-MOC

| | | |
|---|---|---|
| **LAVONTE LEMONT HALLMAN,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's Motion for Modification of Restitution. This motion comes more than 90 days after this court denied petitioner's Section 2225 motion and while that decision is on appeal. The court will deny the motion as provided by Rule 62.1(a)(2), Federal Rules of Civil Procedure, as it is both untimely and substantively without merit. See also Fed.R.Crim.P 37(a)(2).

In sum, petitioner contends for the first time that the Judgment entered by this court as to restitution in the amount of $336.00 payable the victim O'Reilly's Auto Parts is incorrect because he is only responsible for one half of the amount stolen during the robbery and that his codefendant is responsible for the other half. He contends that the Judgment should have been worded to require him to repay only one half of the amount stolen.

First, the court notes that the motion is untimely as it seeks to correct a criminal Judgment well outside the time allowed by Rule 35(a), Federal Rules of Criminal Procedure. As the Judgment accurately reflects the sentence that was announced in court, there is no clerical error to consider under Rule 36.

Second, even if petitioner had timely filed such a motion in the criminal case or included such in his Section 2255 petition, his motion also lacks legal merit. As correctly reflected in the Judgment, this court ordered defendant to pay the victim $336.00 as the loss amount from the robbery. The court determined that defendant was jointly and severally liable with his co-defendant and, to avoid any double recovery, specifically provided in the Judgment as follows: "[t]he victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim(s) receive full restitution." Judgment (#76) at 5. The term "joint and several" does not mean *pro rata* and is intended to assure that victims are fully compensated for their loss. If this defendant ends up paying the entire $336.00 and his co-defendant $0, that is precisely a result envisioned by joint and several liability. The only result that would not be appropriate is if the victim received more than $336.00; however, this defendant has not made that allegation. The court has reviewed the transcript (#89) of the sentencing hearing and compared it to the Judgment and determined that the Judgment accurately reflects both the amount of restitution and the court's decision to make such obligation joint and several and not pro rata.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion for Modification of Restitution (#16) is **DENIED**.

Signed: May 27, 2016

Max O. Cogburn Jr
United States District Judge